**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Antonio GONZALEZ–MEZA, Defendant–Appellant.**

No. 13–50245.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 23, 2014.*

Filed Oct. 1, 2014.

Joseph William Goodman, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kent Young, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Luis Antonio Gonzalez–Meza appeals from the district court's judgment and challenges the 84–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez–Meza contends that the district court committed three legal errors in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). He contends that the court: (i) failed to consider his relative culpability; (ii) failed to take into account his lack of actual knowledge of the drugs in his car or the structure and operations of the smuggling operation; and (iii) improperly relied on drug quantity in denying the adjustment. We review de novo, *see United States v. Rodriguez–Castro,* 641 F.3d 1189, 1192 (9th Cir.2011), and find no legal error in the denial of the request. The record reflects that the court considered Gonzalez–Meza's relative culpability, as required by section 3B1.2(b), *see* U.S.S.G. § 3B1.2(b) & cmt. n. 3(A), and gave appropriate consideration to his level of knowledge regarding the drugs and the drug smuggling operation. The court's consideration of the quantity of drugs involved was not improper. *See Rodriguez–Castro,* 641 F.3d at 1193. Moreover, because Gonzalez–Meza failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A); *Rodriguez–Castro,* 641 F.3d at 1192–93.

Gonzalez–Meza also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gonzalez–Meza's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence 24 months below the bottom of the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.